UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| STEVEN BESETZNY, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | No. 17 cv 5774 |
| v. | ) ) | Magistrate Judge Susan E. Cox |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Steven Besetzny ("Plaintiff") appeals the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his disability benefits under the Social Security Act. The Parties have filed cross-motions for summary judgment.[1] For the reasons below, the Court remands this matter for further proceedings consistent with this Memorandum Opinion and Order.

**I. Background**

    **a. Plaintiff's History and Procedural History**

Plaintiff was born on May 2, 1967, and was considered a "younger person" (43 years old) at his alleged disability onset date of October 1, 2010. [Administrative Record ("R") 76.] Plaintiff's former occupation was a combination job of photographer/retail store manager. [R 64.] Prior to that, Plaintiff was a freelance photographer. *Id.* Plaintiff also held a receptionist position in the past. *Id.* We do not recite Plaintiff's medical history here as it is not germane to our bases for remand.

Plaintiff filed an application for disability benefits on March 21, 2012. [R 169-70.] Plaintiff's claims were denied initially and at the reconsideration stage, followed by an administrative hearing before Administrative Law Judge ("ALJ") Patricia Kendall on January 20, 2016. [R 39-74.] On March 2, 2016,

---

[1] While the Commissioner's response is not styled as a motion for summary judgment [dkt. 18], the *ad damnum* paragraph of the brief asks that summary judgment be entered in favor of the Commissioner. Therefore, we construe Defendant's Response to Plaintiff's Motion for Summary Judgment [dkt. 18] as a motion for summary judgment.

the ALJ issued a written decision denying Plaintiff disability benefits. [R 18-30.] On June 7, 2017, the Appeals Council denied Plaintiff's appeal, and the ALJ's decision became the final decision of the Commissioner. [R 1-6.]

    b.    **The VE's Testimony at the Administrative Hearing**

On January 20, 2016, the administrative hearing in this matter took place in Evanston, Illinois. [R 39-74.] Plaintiff was represented by counsel and a Vocational Expert ("VE"), Mr. Lee Knutson, testified during the hearing.[2] *Id.*

In relevant part, that testimony is as follows, in an exchange with the ALJ:

Q: Mr. Knutson, would you please identify the past work?

A: He was basically a combination photographer and retail manager, retail store manager. The DOT for a photographer is 143.062-030. This is skilled, SVP of 7, and light. He performed it at both medium and heavy…He also served as a manager. It's kind of a combination job. The DOT is 185.167-046. This is skilled, SVP of 7, and light. He performed it -- in his jobs at the heavy level and the medium level. And then, of course, he was a -- a freelance photographer, which would be the same as the previous one, photographer. The part-time job at the Lake County Center, do you want that one?

Q: Sure.

A: I think receptionist would be closest. He -- he answered phones and used the computer, did office work. The DOT is 237.367-038. This is sedentary and semiskilled, SVP of 4.

[R 64.]

***

Q: Assume if you would a person of claimant's age, education, and work experience who can perform sedentary work as defined by the regulations. In addition, this person cannot climb ladders, ropes, or scaffolds. Can occasionally climb ramps or stairs. Can occasionally stoop, crouch, kneel, and crawl. Should avoid all use of moving machinery and exposure to unprotected heights. Can such a person perform claimant's past work?

A: He would not be able to do his past work as that's more physically demanding than his previous employment than with the light.

Q: Okay. Would there be any other work for such a person in the national and regional economy?

---

[2] The *curriculum vitae* for another vocational expert, Mr. James J. Radke, appears in the record, as does the past relevant work summary Mr. Radke created for Plaintiff. [R 305-08.] Mr. Radke did not testify at the January 20, 2016 administrative hearing, and it is unclear why this information appears in the record. Although the date of the administrative hearing was postponed at some point from a date of August 13, 2015 to the eventual January 20, 2016 date (the record sheds no light on when the hearing was rescheduled [R 125, 129, 130, 158]), the Court suspects Mr. Radke's information in the record may be a vestige of the rescheduled August 13, 2015 hearing.

> A: At the light level of work, sedentary level of work, there would be some jobs. In Illinois, there are approximately 82,000 assemblers. Most of these jobs are more physically demanding than sedentary, but I do think about 5% of these jobs are sedentary and unskilled, SVP of 2.
>
> Q: So, wait a minute. Do you have a number? Are you saying 80,000?
>
> A: About -- about 4,000 jobs --
>
> Q: All right.
>
> A: -- in Illinois, 90,500 nationally. The example would be a final assembler, 713.687-018…I think about 5% of inspectors, checkers, and weighers perform the work sedentary and unskilled. That would be about 1,100 jobs in Illinois, 24,000 nationally. An example would be a weight tester, 539.485-010…The last one I have is order clerk. I believe about 10% of these jobs are performed both sedentary and unskilled. That would be about 650 jobs in Illinois, 19,000 jobs nationally. Example is order clerk, food and beverage, 209.567-014.

[R 65-67.]

Later in the administrative hearing, the VE is questioned by Plaintiff's counsel, as follows:

> Q: Just to follow you on the assemblers, inspectors, and order clerks testimony, you said that 5% of the assemblers and inspectors and 10% of the order clerks were at the sedentary level. I assume the rest would be performed at the light level of exertion?
>
> A: Yes. I think 5% of these are performed sedentary and unskilled. The rest would be either more physically demanding or -- or a higher skill level.
>
> Q: Okay. Okay. And 5% is a pretty low number. I mean, 10% is a little bit higher, but still low. What was your basis for coming up with the – those…figures that -- that -- of -- of the universe of those jobs, that 5% or 10% would be within the parameters of the hypothetical?
>
> A: Well -- well, basically I start out with data from the Bureau of Labor Statistics that would tell me the number of assemblers or the number of or der clerks which is based on SOC codes or occupational employment surveys. But they don't break it down to fit our hypotheticals for Social Security. They don't break it down by skill level or physical demand. So, I have to make these assessments on my own and I'm relying pretty much on -- on my knowledge of the jobs in the DOT and my knowledge of the job market. And I'm making what I believe is a conservative estimate, but there is no one out there who – who's counting the number of sedentary, unskilled jobs.

[R 70-71.]

### c. The ALJ's Decision

On March 2, 2016, the ALJ issued a written decision denying Plaintiff disability benefits. [R 18-30.] At Step One, the ALJ determined that Plaintiff did not engage in substantial gainful activity since his alleged onset date of October 1, 2010. [R 20.] At Step Two, the ALJ found that Plaintiff had the severe impairments of fibromyalgia, chronic fatigue syndrome, degenerative disc disease and degenerative joint disease [*Id.*] The ALJ also found that Plaintiff had the following nonsevere impairments: myofacial pain

3

syndrome, irritable bowel syndrome, "mild" right wrist neuropathy, and obstructive sleep apnea. [R 21.] At Step Three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments of 20 C.F.R. Part 404, Subpart P, App'x 1. [R 22-23.]

Before Step Four, the ALJ found that Plaintiff had the residual functional capacity ("RFC")[3] to perform sedentary work except Plaintiff cannot climb ladders, ropes, or scaffolds and may occasionally climb ramps or stairs and stoop, crouch, kneel, or crawl; Plaintiff must avoid all exposure to workplace hazards, such as moving machinery and unprotected heights; and Plaintiff is limited to simple, routine, repetitive tasks and occupations that do not require complex written or verbal communication. [R 23.] At Step Four, the ALJ found that Plaintiff was not capable of performing any of his past relevant work, which the ALJ listed as a photographer. [R 28.] At Step Five, however, the ALJ found that Plaintiff was capable of performing the jobs of assembler (DOT #713.687-018); checker, weight tester (DOT #539.485-010); and order clerk (DOT #209.567.014), which the ALJ found existed in significant numbers in the national economy. [R 29.] Because of these determinations, the ALJ found Plaintiff not disabled under the Act. [R 30.]

## II. Social Security Regulations and Standard of Review

The Social Security Act requires all applicants to prove they are disabled as of their date last insured to be eligible for disability insurance benefits. ALJs are required to follow a sequential five-step test to assess whether a claimant is legally disabled. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; and (3) whether the severe impairment meets or equals one considered conclusively disabling such that the claimant is impeded from performing basic work-related activities. 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920(a)(4)(i)-(v). If the impairment(s) does meet or equal this standard, the inquiry is over and the

---

[3] RFC is defined as the most one can do despite one's impairments. 20 C.F.R. §§ 404.1545, 416.945.

4

claimant is disabled. 20 C.F.R. § 416.920(a)(4). If not, the evaluation continues and the ALJ must determine (4) whether the claimant is capable of performing his past relevant work. *Cannon v. Harris*, 651 F.2d 513, 517 (7th Cir. 1981). If not, the ALJ must (5) consider the claimant's age, education, and prior work experience and evaluate whether she is able to engage in another type of work existing in a significant number of jobs in the national economy. *Id.* At the fourth and fifth steps of the inquiry, the ALJ is required to evaluate the claimant's RFC in calculating which work-related activities she is capable of performing given his limitations. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004). In the final step, the burden shifts to the Commissioner to show that there are jobs that the claimant is able to perform, in which case a finding of not disabled is due. *Smith v. Schweiker*, 735 F.2d 267, 270 (7th Cir. 1984).

In disability insurance benefits cases, a court's scope of review is limited to deciding whether the final decision of the Commissioner of Social Security is based upon substantial evidence and the proper legal criteria. *Scheck v. Barnhart*, 357 F.3d 697, 699 (7th Cir. 2004). Substantial evidence exists when a "reasonable mind might accept [the evidence] as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001). While reviewing a commissioner's decision, the Court may not "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Young*, 362 F.3d at 1001. Although the Court reviews the ALJ's decision deferentially, the ALJ must nevertheless "build an accurate and logical bridge" between the evidence and his conclusion. *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (internal citation omitted). The Court cannot let the Commissioner's decision stand if the decision lacks sufficient evidentiary support, an adequate discussion of the issues, or is undermined by legal error. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003); *see also*, 42 U.S.C.§ 405(g).

### III. Discussion

The Court has identified two problems with respect to the ALJ's decision in this matter: (1) issues with the VE's unreliable testimony, and (2) issues with gaps in the Step Four analysis of Plaintiff's past employment. The second issue we raise *sua sponte*. We discuss why these errors necessitate remand below.

### a. Errors in the VE's Testimony

The issue of flawed vocational expert testimony was raised by Plaintiff in this matter [dkt. 12, p. 13], albeit in a slightly different way than discussed by the Court below. Regardless, Plaintiff points out that an ALJ must not accept VE testimony without question, and this is the precise error the ALJ has made in her opinion here.

In general, the role of a vocational expert is to provide information regarding the kinds of work and the number of jobs in the national economy a hypothetical person with certain limitations can perform. *Pagos v. Colvin*, 2015 WL 1502923, at *7 (N.D. Ill. Mar. 27, 2015); *Pelfrey v. Com'r of Soc. Sec.*, 2010 WL 909134, at *4 (S.D. Ohio Mar. 10, 2010); *see also*, *Sample v. Schweiker*, 694 F.2d 639, 643 (9th Cir. 1982) (role of a VE is to "translate[ ] factual scenarios into realistic job market probabilities"). Typically, one of the sources a VE will rely on is The Dictionary of Occupational Titles ("DOT"). The DOT is a (somewhat "obsolete") compendium of basic occupational information which lists occupational demands and duties and their accompanying mental and physical requirements and skills, but "contains no statistics regarding the number of jobs in a given job category that exist in the local, state, or national economy." *Herrmann v. Colvin*, 772 F.3d 1110, 1113 (7th Cir.2014); *see also*, *Forsythe v. Colvin*, 813 F.3d 677, 681 (7th Cir. 2016). Nonetheless, the Social Security Administration relies upon the DOT as an "authoritative" publication and its definitions are accepted as reliable evidence of how jobs are performed in the national economy. *Haddock v. Apfel*, 196 F.3d 1084, 1090 (10th Cir. 1999). A VE will also typically rely on job data from The Bureau of Labor Statistics ("BLS") for recent trends in wages, process, and productivity in the U.S. economy. The Social Security Administration has taken administrative notice of both the DOT and the Occupational Outlook Handbook published by the BLS. 20 C.F.R. § 416.966(d)(1)-(5).

Although a VE is entitled to rely on various methods and sources of data, the foundation for the VE's opinions must be adequate and VE's testimony must be reliable. *Donahue v. Barnhart*, 279 F.3d 441, 446 (7th Cir. 2002). "If the basis of the vocational expert's conclusions is questioned…then the ALJ should make an inquiry…to find out whether the purported expert's conclusions are reliable." *Id.* (italics

omitted.) A finding of an ALJ based on unreliable VE testimony is equivalent to a finding that is not supported by substantial evidence and must be vacated. *Skinner v. Astrue,* 478 F.3d 836, 841 (7th Cir. 2007).

Here, the Plaintiff's attorney at the administrative hearing did just that – he questioned the VE's basis for why his job availability figures of 5-10% were so low for the three DOT codes he provided.[4] [R 70.] The VE responded that while he starts out with BLS data to determine the raw numbers of jobs that exist in a particular occupation, in order to reduce the available jobs to account for sedentary, unskilled jobs, he "make[s] these assessments on [his] own" by relying on his "knowledge of the jobs in the DOT and my knowledge of the job market [because] there is no one out there…who's counting the number of sedentary, unskilled jobs." [R 70-71.] The ALJ made no further inquiry into the reliability of the VE's numbers after Plaintiff's counsel challenged the foundations of the VE's opinions on this point, which is against the weight of Seventh Circuit case law. *See Gracz v. Berryhill*, 2017 WL 1344532, at *4 (N.D. Ill. Apr. 12, 2017) (explaining Seventh Circuit mandate for ALJ to more closely examine a VE's opinions when those opinions have had their foundations challenged to determine the basis for the reliability of those opinions); *see also, Herrmann v. Colvin*, 772 F.3d 1110 (7th Cir. 2014). In her opinion, the ALJ went on to fully adopt the numbers given by the VE.[5] [R 29.]

We borrow language from another Seventh Circuit case (also deciding to reverse and remand) to describe the VE's numbers in this case: "[w]e do not know how the vocational expert in this case calculated the numbers to which he testified. Nothing in the record enables us to verify those numbers, which the administrative law judge accepted." *Herrmann v. Colvin*, 772 F.3d 1110, 1114 (7th Cir. 2014). Similar to *Herrmann*, the only public sources the VE cited for the numbers he quoted was the DOT and

---

[4] The Court is unpersuaded by Defendant's argument that Plaintiff waived his right to challenge the VE's testimony by allegedly failing to question the basis for the VE's testimony. [Dkt. 18, p. 15.] That is *precisely* what Plaintiff's counsel did when he noted that the 5-10% figures seem "pretty low" and then inquired of the VE as to the "basis for coming up with…those figures." [R 70.]

[5] The Court is also suspect of the VE's reduced numbers because the VE never gave the total number of available jobs nationally for each occupation, which would have allowed anyone (including the ALJ or the Court) to verify the VE's math; the VE only gave the reduced 5-10% figures to account for sedentary positions within an occupation.

the Bureau of Labor Statistics (although he never specifies what BLS publication). Additionally, the VE did testify he relied on his "knowledge of the jobs in the DOT and [his] knowledge of the job market." [R 71.] However, fatally as in *Herrmann*, the VE "didn't explain how impressions from unspecified past experience and knowledge could enable him to determine numbers of particular jobs." *Herrmann*, 772 F.3d at 1113. Out of an abundance of caution, the Court reviewed the VE's resume [R 310-12], which the ALJ admitted into evidence (Plaintiff's counsel had no questions concerning the VE's qualifications [R 63]); the Court found no especially relevant past experience that would enable the VE to determine numbers of particular jobs.[6] As mentioned above, the ALJ just accepted the VE's numbers without comment and without reference to the fact Plaintiff's counsel had clearly questioned the basis for the 5-10% figures. The Court does not believe a reasonable mind would accept the VE's evidence as adequate to support the ALJ's reliance on it and the conclusions the ALJ drew from it, particularly in light of the ALJ's Step Four errors identifying Plaintiff's past relevant work (*infra*). *Richardson*, 402 U.S. at 401; *Zurawski*, 245 F.3d at 887. In short, the ALJ erred when she "unquestioningly" accepted suspect vocational testimony without first "inquiring into the reliability" of the opinion. *McKinnie v. Barnhart*, 368 F.3d 907, 911 (7th Cir. 2004). For this reason, the ALJ's findings are not supported by substantial evidence and must be vacated. *Skinner,* 478 F.3d at 841 (7th Cir. 2007).

    **b.    The ALJ's Step Four Errors**

While we realize the ALJ decided in favor of the Plaintiff at Step Four, there are substantial Step Four errors that also require remand in this matter. The ALJ failed to identify or discuss much of Plaintiff's past relevant work including, significantly, a sedentary job that matched the RFC the ALJ ultimately assigned to Plaintiff, leaving unresolved the issue of whether Plaintiff could truly perform a sedentary job if the ALJ's conclusion was that Plaintiff could not perform his past relevant work.

When the VE was asked to identify the past relevant work held by Plaintiff, the VE testified that

---

[6]    In fact, the VE's "[s]pecialty is in assisting injured Construction Workers, in returning to work within their medical restrictions in Construction Management positions." [R 310 (italics omitted).]

8

Plaintiff held a combination job of photographer/retail manager.[7] [R 64.] A "composite job" or "combination job" is one that has "significant elements of two or more occupations and, as such, [has] no counterpart in the [Dictionary of Occupational Titles ("DOT")]." SSR 82-61, 1982 WL 31387, at *2. Thus, VE Knutson identified the DOT codes for both occupations he identified as being part of the combination job that was part of Plaintiff's past relevant work.[8] [R 64.] Additionally, VE Knutson found that Plaintiff had earlier held a separate job as a freelance photographer (same DOT code as "photographer"), which was not part of the composite job. *Id.* Finally, the VE testified that Plaintiff had another past relevant occupation as a (semiskilled sedentary) receptionist. *Id.*

In his opinion however, the ALJ only identified Plaintiff's past relevant work as a photographer. [R 28.] The ALJ did not mention or engage in any analysis of Plaintiff's composite job (or the receptionist job for that matter), leaving an explanatory void for whether Plaintiff could actually perform any of his other past relevant work as it was actually performed. *Morgan v. Berryhill*, 2017 WL 2628094, at *3 (W.D. Wash. June 19, 2017) (ALJ erred by failing to acknowledge the composite job rule, despite identifying two separate DOT occupations for claimant's work.). This is particularly true as to the past relevant receptionist position, which is classified as sedentary – the exertion level that matched the ALJ's RFC for Plaintiff. This baffling error as to the basic facts of Plaintiff's past relevant work, to which the VE testified, is enough to convince the Court the ALJ's step-four finding in not supported by substantial evidence.

Moreover, to "classify an applicant's 'past relevant work' according to the least demanding function of the claimant's past occupation is contrary to the letter and spirit of the Social Security Act." *Valencia v. Heckler*, 751 F.2d 1082, 1087 (9th Cir. 1985); *Aviles v. Heckler*, 618 F. Supp. 1286, 1291 (N.D. Ill. 1985).

---

[7] While it appears the VE used the term "combination job" instead of the more commonly used term "composite job," this does not change our analysis. *See Dirkse v. Comm'r of Soc. Sec.*, 2016 WL 6956612, at *3 (W.D. Mich. Nov. 29, 2016) (ALJ erred by having VE "parse out" one portion of Plaintiff's past work when VE found past relevant work to be a "combination job"); *Bryan v. Colvin*, 2016 WL 11263131, fn. 3 (N.D. Okla. Dec. 7, 2016) (Plaintiff's past relevant work was not in the DOT because it was a "combination job" or "compound job"); *Shoulders v. Berryhill*, 2018 WL 3069204, at *8 (N.D.W. Va. Jan. 16, 2018) (three occupation job was a "combination job"); *Francia v. Astrue*, 2010 WL 4553438, at *1 (C.D. Cal. Nov. 3, 2010) (two occupation job was a "combination job").

[8] It appears the prior VE on this case, Mr. Radke, also identified Plaintiff's past relevant work as a composite job, per Mr. Radke's Past Relevant Work Summary for Plaintiff that appears in the record. [R 308.]

Thus, because "[e]very occupation consists of a myriad of tasks, each involving different degrees of physical exertion," evaluation of a plaintiff's ability to perform past relevant work must be based on consideration of the whole job, i.e., *all* the duties required in the past relevant work, not just select components. *Valencia*, 751 F.2d at 1087. An ALJ cannot parse out only a subset of a claimant's past relevant work, particularly when that work includes a composite job. *Id*; *Cabaniss v. Colvin*, 2014 WL 7450435, at *12 (N.D. Ill. Dec. 30, 2014); *Wiggins v. Colvin*, 2015 WL 2398478, at *6 (N.D. Ill. May 18, 2015). Not only did the ALJ fail to acknowledge Plaintiff's sedentary receptionist job (*supra*), but the ALJ here either wholly ignored Plaintiff's past composite job, or improperly parsed out only the photographer duties. Either error requires remand.

Step Four of the ALJ's decision is both lacking in sufficient evidentiary support and is undermined by legal error. *Lopez*, 336 F.3d at 539 (7th Cir. 2003); *see also*, 42 U.S.C.§ 405(g). We *sua sponte* remand on this basis.

## IV. Conclusion

For the reasons detailed above, the Court must reverse and remand for proceedings consistent with this opinion. At this time, the Court offers no opinion as to the other alleged bases of error in the ALJ's decision as raised by Plaintiff. Plaintiff's motion for summary judgment [dkt. 11] is granted; the Commissioner's motion for summary judgment [dkt. 18] is denied.

Entered: 9/25/2018

_____
U.S. Magistrate Judge, Susan E. Cox